## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

AMBER HOGG                                  CASE NO. 6:24-CV-01752

VERSUS                                      MAGISTRATE JUDGE CAROL B. WHITEHURST

WALMART STORES INC ET AL

### MEMORANDUM RULING

Before the Court is Defendant Walmart Inc. and Walmart Claims Services, Inc.'s (collectively "Walmart") Motion for Summary Judgment. (Rec. Doc. 21). Plaintiff opposed the motion (Rec. Doc. 25), and Walmart replied (Rec. Doc. 28). Considering the evidence, the law, and the parties' arguments, and for the following reasons, Walmart's motion is granted.

### Facts and Procedural History

Plaintiff filed this suit in state court in May 2023 after she slipped and fell on water on the floor at the Walmart in Eunice, Louisiana. (Rec. Doc. 1-2). Walmart removed the case based on diversity jurisdiction and now moves to dismiss Plaintiff's claims under Louisiana's merchant liability statute, La. R.S. 9:2800.6. The evidence supports the following findings of undisputed facts:

- On July 28, 2023, Plaintiff was walking down the water aisle at Walmart, carrying a case of bottled water, when she slipped and fell. (Rec. Doc. 21-4,

Depo. p. 36-39). Following her fall, she observed two puddles of clear water each about the size of her hand. (Depo. p. 43-45).

- Three Walmart employees were on the aisle at the time of her fall, but she did not know if they knew the water was on the floor. (Depo. p. 39; 42).

- Plaintiff did not know how the water came to be on the floor (Depo. p. 41). She did not observe any bottle caps or other evidence of opened water on the aisle. (Depo. p. 50).

- Plaintiff did not know how long the water had been on the floor before her fall. (Depo. p. 42-43; 46). She did not observe the water prior to her fall and could not say whether it had been stepped in or tracked through before. She observed only her own skid mark through a puddle. (Depo. p. 44-45).

- The incident was not captured on Walmart's video surveillance, and photographs do not provide any indication of how the water came to be on the floor or for how long it may have been there prior to the incident. (Rec. Doc. 21-7; 21-8).

Walmart moves to dismiss Plaintiff's claims on the grounds that she has no evidence to show that Walmart had actual or constructive notice of the water, as essential for her to prevail.

## Law and Analysis

"In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state." *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 510 (5th Cir. 2007). Thus, F.R.C.P. Rule 56, regarding motions for summary judgment, and Louisiana's merchant liability law govern this case.

### I.    Rule 56 Motion for Summary Judgment

Under F.R.C.P. Rule 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir.2009). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to

the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn,* 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir.2008) (citing *Celotex*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga*., 431 F.3d 191, 197 (5th Cir.2005).

## II.    Merchant Liability Under La. R.S. 9:2800.6

The Fifth Circuit has summarized Louisiana merchant liability law as such:

> In Louisiana, a standard negligence claim consists of five elements: (1) a duty of care; (2) a breach of that duty; (3) cause in fact (4) legal cause; and (5) damages. *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So. 2d 627, 633. A plaintiff bringing a slip and fall claim, however, has the additional burden, under the state's merchant liability statute, of proving an extra element: that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. Rev. Stat. Ann. § 9:2800.6(B)(2); *see also Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017). To prove constructive notice, the plaintiff must show "that the condition existed for such a period of time

that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. Ann. § 9:2800.6(C)(1).

*Miller v. Michaels Stores, Inc.,* 98 F.4th 211, 216 (5th Cir. 2024).

The question of timing that a condition has existed—often called the temporal element—hinges upon the plaintiff's ability to show both existence of the condition and a period of time:

> The Louisiana Supreme Court has explained that to prove the temporal element, a plaintiff "must make a positive showing of the existence of the condition prior to the fall" as well as the "additional showing that the condition existed *for some time* before the fall." *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 4 (La. 9/9/97), 699 So. 2d 1081, 1084 (emphasis added). Accordingly, to survive summary judgment, a plaintiff must satisfy the "prerequisite" of putting forth "some positive evidence ... of how long the condition existed prior to the fall." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2007) (quoting *Robinson v. Brookshires # 26*, 33,713, p. 5-6 (La. App. 2 Cir. 8/25/00), 769 So. 2d 639, 642). Louisiana courts—as well as the district court here—have noted the heavy burden that the standard creates, "ma[king] it almost impossible for a [p]laintiff to prove the temporal element to show constructive notice." *Kimble v. Winn-Dixie La., Inc.*, 01-514, p. 10 (La. App. 5 Cir. 10/17/01), 800 So. 2d 987, 992; *see also Fountain*, 297 So. 3d at 104.

*Id*.

The Court agrees with Walmart that no evidence shows that Walmart created the condition of the water on the floor or had actual notice of it. Plaintiff testified that she did not know how the water came to be on the floor. (Rec. Doc. 21-4, Depo. p. 41-46). Additionally, Plaintiff offers no evidence as to how long the water may have been on the floor in order to show the condition existed for some period of

time. She testified that the water was clear and untracked save for her own skid mark. (Depo. p. 44-46). See *Britt v. Brookshire Grocery Co.,* No. CV 17-01117, 2020 WL 703104, at *3 (W.D. La. Feb. 10, 2020). ("Courts have found evidence that the substance was brown and had buggy marks through it enough to establish the temporal element of constructive notice.") Thus, Plaintiff cannot show that Walmart had constructive notice. Summary judgment is appropriate where the plaintiff fails to offer any evidence to contradict a merchant's showing that it did not have actual or constructive notice of condition on its premises. See e.g. *Sapia v. Walmart Inc.,* No. 6:22-CV-01725, 2024 WL 3243514 (W.D. La. June 28, 2024); *Wallace v. Brookshire Grocery Co.,* 55,877 (La. App. 2 Cir. 10/2/24), 400 So. 3d 1057; *Lidell v. Savaski,* 24-5 (La. App. 5 Cir. 10/9/24), 398 So. 3d 741, 745; *Bearden v. K & A of Monroe, LLC*, 55,746 (La. App. 2 Cir. 7/17/24), 399 So. 3d 515, 525 (all granting summary judgment where the plaintiff offered no evidence of the store's actual or constructive notice of a clear liquid on the floor).

Plaintiff argues, without any evidentiary support, that "the employees may have been aware of the wet condition yet failed to properly mitigate the hazard." (Rec. Doc. 25, p. 3). She relies on cases involving employees present near the spill, such as *Blackman v. Brookshire Grocery Co.,* 2007-348 (La. App. 3 Cir. 10/3/07), 966 So. 2d 1185 and *Carter v. Zurich Am. Ins. Co.,* No. CIV.A. 11-125-JJB, 2012 WL 702270 (M.D. La. Mar. 1, 2012). These cases are distinguishable, however,

insofar as the plaintiffs in those cases presented affirmative evidence that the spill had been present for some period of time. Plaintiff in this case offered no such evidence. See also *Kimble v. Winn-Dixie Louisiana, Inc.,* 01-514 (La. App. 5 Cir. 10/17/01), 800 So. 2d 987, 992 ("[T]he mere fact that the egg membrane was on the floor when Plaintiff observed an employee stocking the meat department does not mean that the employee was there when the spill occurred, when an attempt was made to clean it, or that he saw the spillage, which, notably was a clear substance.").

All evidence considered, the Court finds that Walmart has met its burden to show it did not have actual or constructive knowledge of the spill and that Plaintiff failed to overcome her burden to show otherwise. Accordingly, Walmart's Motion for Summary Judgment (Rec. Doc. 21) is GRANTED.

THUS DONE in Chambers, Lafayette, Louisiana on this 4th day of November, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE